Page 2

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District of Massachusets | |
|---|---|---|
| **Name** (under which you were convicted): JAY WOODWARD | | Docket or Case No.: 98-10259-04 |
| Place of Confinement: Federal Correctional Institution - El Reno | Prisoner No.: 80126-038 | |
| UNITED STATES OF AMERICA | **Movant** (include name under which you were convicted) | |

v.       JAY WOODWARD

**05-11089WGY**

MOTION  *Referred to MJ RBCollings*

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____

   UNITED STATES DISTRICT COURT       ~~707 Post Office & Courthouse Bldg.~~

   District of Massachusetts       ~~90 Devonshire St., Room 707~~

   One Courthouse Way       Boston, MA       02108-~~4508~~

   (b) Criminal docket or case number (if you know): _____

2. (a) Date of the judgment of conviction (if you know): _January 1999_

   (b) Date of sentencing: _13 APRIL, AD1999_

3. Length of sentence: _180 months_

4. Nature of crime (all counts): Ct-1, "Bank Robbery"; Ct-2, "Use of Firearm during crime of violence"

   _____

   _____

   _____

   _____

5. (a) What was your plea? (Check one)

   (1) Not guilty ☒      (2) Guilty ☐      (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? _N/A_

   _____

   _____

   _____

   _____

6. If you went to trial, what kind of trial did you have? (Check one)      Jury ☒      Judge only ☐

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☒

8.  Did you appeal from the judgment of conviction?   Yes ☒   No ☐

9.  If you did appeal, answer the following:

  (a) Name of court: UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

  (b) Docket or case number (if you know): _____

  (c) Result: Appeal Denied/Conviction Affirmed

  (d) Date of result (if you know): July 25, 2000

  (e) Citation to the case (if you know): _____

  (f) Grounds raised: 1) Split-ruling on Motion to Supress Identification; and
  2) Challenge of Suggestive/Show-up Identification.  The district court
  allowed the witness to testify to the merit of his observations, but did
  not allow the witness to identify the defendant (WOODWARD) in trial.
  (The First Circuit ruled that the prejudice was harmless error, due to
  the testimony of a co-defendant.)

  Counsel: Matthew Robinowitz

  (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☒   No ☐

    If "Yes," answer the following:

    (1) Docket or case number (if you know): _____

    (2) Result: Denied/Conviction Affirmed

    (3) Date of result (if you know): December 11, 2000

    (4) Citation to the case (if you know): _____

    (5) Grounds raised: Attorney: Matthew Robinowitz, handled the process, and
    I do not know the issues raised.

10. Other than the direct appeals listed above, have you previously filed any other motions,
  petitions, or applications concerning this judgment of conviction in any court?
    Yes ☐   No ☒

11. If your answer to Question 10 was "Yes," give the following information:  N/A

  (a) (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

(4) Nature of the proceeding: N/A _____

(5) Grounds raised: N/A _____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❑  No ❑    N/A

(7) Result: N/A _____

(8) Date of result (if you know): N/A _____

(b) If you filed any second motion, petition, or application, give the same information:  N/A

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❑  No ❑

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?    N/A

(1) First petition:    Yes ❑  No ❑

(2) Second petition:    Yes ❑  No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly
why you did not: _____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the
Constitution, laws, or treaties of the United States. Attach additional pages if you have more
than four grounds. State the facts supporting each ground.

GROUND ONE: See attachment "I" made a part herein in the entirety by this
reference.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Standards for raising
this issue were not in my favor prior to recent Booker/Fanfan rulings
by the Supreme Court

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state: N/A

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑  No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑  No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑  No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____
_____
_____
_____

GROUND TWO: See attachment "II" made a part herein in the entirety by this reference.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____
_____
_____
_____
_____
_____
_____
_____

**(b) Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❏   No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Standards for raising
this issue were not in my favor prior to recent Booker/Fanfan rulings
by the Supreme Court

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❏   No ☒

(2) If your answer to Question (c)(1) is "Yes," state: N/A

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❏   No ❏

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❏   No ❏

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❏   No ❏

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

GROUND THREE: ___N/A_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) Direct Appeal of Ground Three:

   (1) If you appealed from the judgment of conviction, did you raise this issue? N/A

      Yes ❑   No ❑

   (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(c) Post-Conviction Proceedings:

   (1) Did you raise this issue in any post-conviction motion, petition, or application? N/A

      Yes ❑   No ❑

   (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or
raise this issue: _____

_____

_____

_____

GROUND FOUR: N/A _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

Case 1:05-cv-11089-WGY    Document 1    Filed 05/23/2005    Page 9 of 15

Page 10

(b) **Direct Appeal of Ground Four:** N/A

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑ No ❑

    (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application? N/A

        Yes ❑ No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑  No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑  No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑  No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or
raise this issue: _____

_____

_____

_____

13. Is there any ground in this motion that you have not previously presented in some federal court? YES.
If so, which ground or grounds have not been presented, and state your reasons for not
presenting them: (1) & (2).   Standards for raising these issues were not
in my favor prior to recent Booker/Fanfan rulings by the Supreme Court.

_____

_____

_____

_____

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court
for the judgment you are challenging?     Yes ☐ No ☒
If "Yes," state the name and location of the court, the docket or case number, the type of
proceeding, and the issues raised. _____

_____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following
stages of the judgment you are challenging:

(a) At preliminary hearing: __Unknown to me_____

_____

(b) At arraignment and plea: R.J. Cinguegrana_____

_____

(c) At trial: R.J. Cinguegrana_____

_____

(d) At sentencing: R.J. Cinguegrana_____

_____

(e) On appeal: ___Matthew Robinowitz___

(f) In any post-conviction proceeding: ___N/A___

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐ No ☒

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future: _____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐  No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.* Prior to this time [ one-year ] of "exeption" per §2255 (3) the cause of action presented herein were unavailable to the petitioner as prior "stare decisis" did not support petitioner's claim.

At present the rulings in Blakley v. Washington, 124 S.Ct. 2531(2004) and subsequently in United States v. Booker, 543 U.S.___ (2005) and in United States v. Fanfan, 543 U.S. ___ (2005) open a one-year window for petitioner's claims as set forth in this collateral assessment.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: Remand to the district court for resentencing, or i.a., remand for hearing in

the district court and resentencing on the findings - or such further relief as the district court deems essential to the ends of justice, or any other relief to which movant may be entitled.

N/A

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on May 11, 2005 (month, date, year).

Executed (signed) on May 11, 2005 (date).

JAY WOODWARD

By: Jay Woodward

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. _____

IN FORMA PAUPERIS DECLARATION

[Insert appropriate court]

* * * * *

ATTACHMENT "I":

**Following Trial [December 1998 – January 1999] at sentencing before the Honorable William G. Young petitioner's protection of the 6th Article of Amendment (1791) right to jury finding beyond a reasonable doubt was violated in sentencing petitioner to an additional term of 18 – 20 months imprisonment for "injury to a victim" was not charged in indictment nor presented to the jury . This violation has prejudiced petitioner's liberty in violation of the Constitution and petitioner claims for correction and such remedy as is required in the interest of justice.**

FACTS:

Facts other than those of prior conviction, and those presented to the jury were used at sentencing in this case on April 13, 1999, to adjust petitioner's sentence upward by two (2) points on the Base-Offense-Level of the United States Sentencing Guidelines (USSG) table, resulting in petitioner's sentence being enlarged by 18 to 20 months.

The court entered a claim of "injury to a victim" and increased petitioner's sentence as stipulated above without ever having presenting the claim to the jury at trial, without the jury ever finding guilt beyond a reasonable doubt, and without petitioner ever being allowed an opportunity to confront the claim against him.  Thus, resulting in an illegal or unlawful sentence which has prejudiced petitioner's liberty by a sentence for imprisonment beyond that which the conviction on counts 1 and 2 of the indictment of 18 to 20 months additional prison term.

The charge, "injury to a victim" was never presented in indictment by the Grand Jury, and therefore the jury never was apprised of such charge.  The jury cannot return a verdict beyond a reasonable doubt where not explicitly informed of the charge during trial.

The charge, and conviction of the court on a mere "preponderance of the evidence" of "injury to a victim" cannot stand the test of the 6th Article of Amendment, and as it prejudices petitioner's liberty, petitioner claims for correction of sentence and such further remedy as the district court deems essential to the ends of justice.

JAY WOODWARD, Petitioner

Date: _May 11, 2005_

ATTACHMENT "II":

**The sentence rendered on April 13, 1999, the result of the trial [December 1998 – January 1999] represents a violation of the Due Process clause of the 5th Article of Amendment (1791) which is now recognizable "stare decisis" as a recent Supreme Court decisions in U.S.  v.  Booker and Fanfan, as the sentence prejudices petitioner's liberty for an additional 18 – 20 months of imprisonment for a charge not convicted by the jury beyond a reasonable doubt, but rather rests merely upon the district court's charge and finding upon the preponderance of evidence**

FACTS:

This jury trial and thus resulting sentence rests on a violation of the

Due Process clause of the 5th Article of Amendment (1791) in that a jury (nor

the court) can charge, and convict, then sentence upon any "elements/factors

that are not explicitly cited in the indictment (information).  In this case

petitioner's liberty has been prejudiced by an additional 18 – 20 months term

of imprisonment solely based upon the "preponderance of evidence" findings

of the district court at the sentencing, where on April 13, 1999, the court

claimed "injury to the victim" and then increased the Base-Level points by

two (2) increasing the sentence of this petitioner by 18 to 20 months of imprison-

ment, all without meeting the required "beyond a reasonable doubt" findings

of the jury (which jury had never been presented a charge of "injury to a vic-

tim" by indictment [nor information]) thus, breaching the Due Process clause

protection and resulting in the petitioner suffering under the prejudice of

an illegal or unlawful sentence.

Petitioner was never formally charged with "injury to a victim" (form of

assault/felony claim), never "processed"   before the grand nor trial jury,

and thus never afforded due process as to the charge/question.

Therefore, petitioner claims for correction of the illegal or unlawful

sentence, timely  28 U.S.C. §2255(3), Blakely, and Booker/Fanfan, and such

further remedial findings of the district court as restore the ends of justice.

Date: _May 11, 2005_                    _____
                                        JAY WOODWARD, Petitioner