UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

JAY WOODWARD, PETITIONER

    v.                       Civil No. 05-11089-WGY

UNITED STATES, RESPONDENT

        PETITIONER'S MOTION FOR ASSIGNMENT OF COUNSEL
        AND AN EVIDENTIARY HEARING TO FULLY DEVELOP
                             THE RECORD

    NOW COMES, Jay Woodward, pro se, and in relation to his pending 28 U.S.C. §2255 petition, moves this Honorable Court, pursuant to the Criminal Justice Act, 18 U.S.C. §3006A(b)(c) and §#006A(d)(1)(3) as well as Rule 8(c) of the Rules governing §§2255 cases, to assign CJA counsel, Liebman, Federal Habeas Corpus Practice and Procedure, § 12.3 (4th Ed. 2001 w/2004 supplement); Alford v. United States, 709 F2d 418, 423 (1st Cir. 1983)("An indigent who is ordered to receive an evidentiary hearing upon his petition is entitled to representation by appointed counsel at the hearing"); United States v. Iasiello, 166 F3d 212, 213 n.3 (3rd Cir. 1999)("Rule 8(c)...has also been acknowledged by the Circuits to mandate appointment of counsel for an evidentiary hearing"); Roney v. United States, 205 F3d 1061, 1062-63 (8th Cir. 2000); Swazo v. Warden, 23 F3d 332, 333-34 (10th Cir. 1994).

    In addition to counsel being needed to obtain Habeas Rule 6 discovery for Habeas Rule 7 expansion of the record, assigned CJA counsel for petitioner is needed to interview, prepare and present the testimony of ineffective direct counsel in relation

to petitioners Habeas Rule 8 motion for an evidentiary hearing to fully develop the record, Mapes v. Coyle, 171 F3d 408, 427-29 (6th Cir. 1999)(Writ granted following direct appeal counsel's evidentiary hearing testimony, Mapes v. Tate, 388 F3d 187, 189-193 (6th Cir. 2004). Similarly, assigned CJA counsel is needed to interview, prepare and present evidentiary hearing testimony from trial counsel and possible psychiatric experts, Theodore v. United States, __F.Supp.2d__ (D.Mass 2004); Porcaro v. United States, 784 F2d 38, 40-41 (1st Cir. 1986); Phoenix v. Matesanz, 189 F3d 20, 25-28 (1st Cir. 1999); see also Moran v. Vose, 816 F2d 35, 37 (1st Cir. 1987).

                                      Respectfully Submitted,

                                      Jay Woodward, pro se

I hereby state that I have served a copy of the foregoing motion upon the government by way of mail on this date: June 17 2005

                                      Jay Woodward, pro se