# MANDATE

# United States Court of Appeals
## For the First Circuit

05-11089
USDC/MA
Young, J

No. 05-2217

JAY WOODWARD,
Petitioner, Appellant,

v.

UNITED STATES,
Respondent, Appellee.

Before

Torruella, Circuit Judge,
Stahl, Senior Circuit Judge,
and Lipez, Circuit Judge.

### JUDGMENT

Entered: April 5, 2006

Petitioner Jay Woodward was convicted for his part in a bank robbery after a jury trial in the United States District Court for the District of Massachusetts. He was sentenced under the mandatory regime of the United States Sentencing Guidelines then in effect. His direct appeal to this court was unsuccessful, and his conviction became final for purposes of habeas corpus review in December 2000, when the United States Supreme Court denied certiorari.

In May 2005, petitioner brought a motion under 28 U.S.C. § 2255, seeking relief pursuant to United States v. Booker, 543 U.S. 220 (holding that the sentencing guidelines were to be treated as advisory rather than mandatory), which had been decided in January 2005. The district court dismissed sua sponte, stating that petitioner was seeking retroactive application of Booker that was not available. Petitioner moved for reconsideration, but this, too, was denied, and the district court also refused to issue him a certificate of appealability. Petitioner is now requesting a certificate of appealability from this court.

Motions under 28 U.S.C. § 2255 are subject to a limitations period of one year, but insofar as petitioner purports to be seeking retroactive application of a new rule of law announced in the Booker case, his motion is not time-barred by the bare fact

that his conviction became final more than one year before his motion.

Petitioner argues that his sentence was impermissibly augmented by a non-jury finding that a bank teller had been injured during the crime of which he was convicted. He further argues that his counsel should have developed and presented evidence of his childhood trauma at the hands of abusive adults in order to mitigate his punishment. He also claims an improper disparity between his own sentence and that of a co-defendant who acted as a cooperating witness for the government.

All of petitioner's arguments presuppose that retroactive application of Booker is available as relief on a motion under 28 U.S.C. § 2255. However, this court has held precisely the opposite. See Cirilo-Muñoz v. United States, 404 F.3d 527, 533 (1st Cir. 2005); United States v. Fraser, 407 F.3d 9, 11 (1st Cir. 2005). Until the United States Supreme Court decides otherwise, Booker shall not be given retroactive application on a motion brought under 28 U.S.C. § 2255.

The application for a certificate of appealability is denied. The appeal is terminated.

By the Court:

Richard Cushing Donovan, Clerk.

By: MARGARET CARTER
_____
Chief Deputy Clerk.

Certified and Issued as Mandate
under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

_____
Deputy Clerk

Date: 5/30/06

[cc: Donald L. Cabell, AUSA, Dina Michael Chaitowitz, AUSA, Jay Woodward]